**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Steven Campbell, Alice Ferreira, Therese Gendron, Roland Gendron, Betsy Graham, <br><br> Plaintiffs, <br><br> v. <br><br> Lustig, Glaser & Wilson; and DOES 1-10, inclusive, <br><br> Defendants. | Civil Action No.: 1:13-cv-10287 <br><br><br> **COMPLAINT** |

For this Complaint, the Plaintiffs, Steven Campbell, Alice Ferreira, Therese Gendron, Roland Gendron, and Betsy Graham, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiffs' personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Steven Campbell ("Steven"), is an adult individual residing in Lawrence, Masschusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Plaintiff, Alice Ferreira ("Alice"), is an adult individual residing in Rochester, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6. The Plaintiffs, Therese Gendron ("Therese") and Roland Gendron ("Roland," and together with Therese, the "Gendrons"), are adult individuals residing in Lowell, Massachusetts, and are each a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

7. The Plaintiff, Betsy Graham ("Betsy"), is an adult individual residing in Norton, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

8. Defendant Lustig, Glaser & Wilson ("Lustig"), is a Massachusetts business entity with an address of 245 Winter Street, Suite 300, Waltham, Massachusetts 02451, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

9. Does 1-10 (the "Collectors") are individual collectors employed by Lustig and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

10. Lustig at all times acted by and through one or more of the Collectors.

**ALLEGATIONS APPLICABLE TO STEVEN CAMPBELL**

11. Steven allegedly incurred a financial obligation (the "Steven's Debt") to Best Buy.

12. Steven's Debt arose from services provided by the Best Buy which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

13. Steven's Debt was purchased, assigned or transferred to Lustig for collection, or Lustig was employed by Best Buy to collect Steven's Debt.

14. The Defendants attempted to collect Steven's Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

15. Within the last year, the Defendants contacted Steven in an attempt to collect Steven's Debt.

16. Per agreement made in court between Defendants and Steven in August 2012, Defendants agreed to halt their collection efforts for a year due to Steven's disability and his only source of income being government assistance.

17. Nevertheless, beginning on or around December 16, 2012, Defendants began to place repeated telephone calls to Steven, as many as three times a week, in an attempt to collect Steven's Debt. The calls were made with the intent to annoy and harass Steven and in direct contradiction of the previous agreement.

18. Further, during that initial December call, Defendants threatened to take Steven back to court if he did not start making payments.

19. Steven explained to Defendants on several occasions that due to his current financial situation he was unable to afford any payments, and furthermore, requested that Defendants cease calls for payment per their verbal agreement in August 2012.

20. Despite such information, Defendants continued to place calls to Steven and made as many as three additional threats to take Steven back to court. To date, no such action has been taken.

21. In addition, on one occasion the Defendants placed a call to Steven prior to 8:00 a.m. on a Sunday in an attempt to collect Steven's Debt.

22. By placing repeated calls to Steven demanding payment of the Steven's Debt and by threatening to take Steven to court if he does not start making payments Defendants broke their August 2012 agreement to seize collection of Steven's Debt for a year.

23. Steven has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

24. As a direct consequence of the Defendants' acts, practices and conduct, Steven suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

25. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## ALLEGATIONS APPLICABLE TO ALICE FERREIRA

26. A person other than Alice allegedly incurred a financial obligation in the approximate amount of $3,522.08 (the "Alleged Debt") to Citibank.

27. The Alleged Debt arose from services provided by the Citibank which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

28. The Alleged Debt was purchased, assigned or transferred to Lustig for collection, or Lustig was employed by the Citibank to collect Alice's Alleged Debt.

29. The Defendants attempted to collect the Alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

30. Around October 2012, Defendants began placing weekly calls to Alice in an attempt to collect the Alleged Debt.

31. During the initial communication, Alice explained to Defendants that she was not the debtor and pointed Defendants' attention to the fact that her social security number was different from that of the debtor.

32. Defendants apologized and assured Alice that her name and telephone number would be removed from the Defendants' database.

33. Despite the foregoing, Defendants continued to place weekly calls to Alice in an attempt to collect the Alleged Debt.

34. Moreover, Defendants sent Alice a letter requesting a payment and threatening Alice with a lawsuit if she failed to pay the debt she allegedly owed.  To date, no such action has been taken.

35. Alice contacted Defendants and repeated that she was not the debtor and requested that Defendants cease all communication with her.

36. In response, Defendants requested that Alice mail the letter back to Defendants with a note stating she was not the debtor, which Alice promptly did.

37. However, Defendants contacted Alice on three more occasions thereafter seeking to collect the Alleged Debt.

38. Alice has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

39. As a direct consequence of the Defendants' acts, practices and conduct, Alice suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

40. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**ALLEGATIONS APPLICABLE TO THERESE AND ROLAND GENDRON**

41. Gendrons allegedly incurred a financial obligation in the approximate amount of $12,459.14 (the "Gendrons' Debt") to Ford Motor Credit Company (the "Ford").

42. Gendrons' Debt arose from services provided by the Ford which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

43. Gendrons' Debt was purchased, assigned or transferred to Lustig for collection, or Lustig was employed by the Ford to collect Gendrons' Debt.

44. The Defendants attempted to collect Gendrons' Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

45. Within the last year, the Defendants contacted Gendrons repeatedly in an attempt to collect the Gendron's Debt by calling their residential phone number as many as four times a week.

46. Although Gendrons explained their dire financial situation and their inability to pay the debt, the Defendants continued to place repeated calls to Gendrons for no other purpose than to harass and annoy them.

47. Each call by Defendants to the Gendrons was a communication directed at both Therese and Roland and, as such, violated the Massachusetts state prohibition on placement of more than two calls within a seven day period.

48. As a direct consequence of the Defendants' acts, practices and conduct, Gendrons suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

49. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## ALLEGATIONS APPLICABLE TO BETSY GRAHAM

50. Betsy allegedly incurred a financial obligation in the approximate amount of $959.23 (the "Betsy's Debt") to HSBC.

51. Betsy's Debt arose from services provided by the HSBC which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

52. Betsy's Debt was purchased, assigned or transferred to Lustig for collection, or Lustig was employed by the HSBC to collect Betsy's Debt.

53. The Defendants attempted to collect the Betsy's Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

54. Sometime in 2011, Defendants filed a lawsuit against Betsy in Attleboro District Court in Massachusetts.

55. Due to her disability, Betsy's only source of income is government assistance and she was in no financial position to pay the debt.

56. Despite the foregoing, Defendants proceeded to place numerous calls to Betsy with an intent to annoy and harass her into paying the debt.

57. Furthermore, within the last year, Defendants contacted Betsy at her home telephone using an automated telephone dialer system with an artificial or prerecorded voice (hereafter "robocalls"), requesting that Betsy return Defendants' call.

58. Defendants robocalled Betsy nearly daily, several times a day, and, whenever Defendants called, their called ID appeared on Betsy's television.

59. On several occasions, Betsy called Defendants back and informed Defendants that she had no ability to pay due to being unemployed and on disability and requested that Defendants cease calls.

60. Despite Betsy's inability to pay and despite her requests to stop the calls, Defendants continued to harass Betsy with numerous robocalls, on one occasions calling Betsy as many as 10 times the same day.

61. Moreover, on several occasions, Defendants called Betsy before 8:00 a.m. and after 9:00 p.m. in an attempt to collect Betsy's Debt.

62. Defendants falsely stated that "by law we can call you every day."

63. Defendants used rude and abusive language when speaking with Betsy, yelled at her and talked over her.

64. Betsy informed Defendants that their harassing and excessive calls caused stress, anxiety, and panic attacks to her and she begged Defendants to stop calling her. Betsy added that she had suffered from a stroke and had a fatal lung disorder and that Defendants' numerous calls were exacerbating her medical condition.

65. On a few occasions Betsy cried while on the phone with Defendants. Defendants' collector stated that Defendants heard complaints from everyone and that they would not stop calling Betsy until she paid the Debt.

66. Moreover, Defendants threatened to file another lawsuit against Betsy if she failed to pay. To date, no such action has been commenced.

67. As a result of outrageous amount of calls and extremely unprofessional tactics Defendants resorted to while attempting to collect Betsy's Debt, Betsy sought medical help and was proscribed medication to ease her panic attacks.

68. Betsy has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

69. As a direct consequence of the Defendants' acts, practices and conduct, Betsy suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

70. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692(c)(a)(1)
### AS TO STEVEN CAMPBELL

71. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

72. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted Steven before 8:00 a.m.

73. Steven is entitled to damages as a result of Defendants' violations.

### COUNT II
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692d
### AS TO STEVEN CAMPBELL

74. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

75. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Steven in connection with the collection of a debt.

76. Steven is entitled to damages as a result of Defendants' violations.

## COUNT III
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692d(5)
## AS TO STEVEN CAMPBELL

77. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

78. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged Steven in telephone conversations, with the intent to annoy and harass.

79. Steven is entitled to damages as a result of Defendants' violations.

## COUNT IV
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692e & e(10)
## AS TO STEVEN CAMPBELL

80. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

81. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

82. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

83. Steven is entitled to damages as a result of Defendants' violations.

## COUNT V
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692e(5)
## AS TO STEVEN CAMPBELL

84. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

85. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

86. Steven is entitled to damages as a result of Defendants' violations.

## COUNT VI
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692f
## AS TO STEVEN CAMPBELL

87. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

88. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

89. Steven is entitled to damages as a result of Defendants' violations.

## COUNT VII
## VIOLATION OF THE MASSACHUSETTS DEBT COLLECTION REGULATIONS, 940 CMR § 7.00, *et seq*., AS TO STEVEN CAMPBELL

90. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

91. Steven allegedly incurred a "debt" as defined in 940 CMR § 7.03.

92. Steven is allegedly a "debtor" as defined in 940 CMR § 7.03.

93. The Defendants attempted to collect a debt and, as such, engaged in "communication" as defined in 940 CMR § 7.03.

94. The Defendants' conduct violated 940 CMR § 7.04(f) in that Defendants placed more than two calls to Steven in a seven day period.

95. Steven is entitled to damages as a result of Defendants' violations.

## COUNT VIII
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c. 93A § 2, *et seq*., AS TO STEVEN CAMPBELL

96. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

97. The Defendants employed unfair or deceptive acts to collect the alleged debts, in violation of M.G.L. c. 93A § 2.

98. Defendants' failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and, as such, Steven is entitled to double or treble damages plus reasonable attorney's fees.

### COUNT IX
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692d
### AS TO ALICE FERREIRA

99. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

100. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Alice in connection with the collection of a debt.

101. Alice is entitled to damages as a result of Defendants' violations.

### COUNT X
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692d(5)
### AS TO ALICE FERREIRA

102. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

103. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged Alice in telephone conversations, with the intent to annoy and harass.

104. Alice is entitled to damages as a result of Defendants' violations.

## COUNT XI
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692e & e(10)
## AS TO ALICE FERREIRA

105. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

106. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

107. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

108. Alice is entitled to damages as a result of Defendants' violations.

## COUNT XII
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692e(2)
## AS TO ALICE FERREIRA

109. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

110. The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character and legal status of Alice's Alleged Debt.

111. Alice is entitled to damages as a result of Defendants' violations.

## COUNT XIII
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692e(5)
## AS TO ALICE FERREIRA

112. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

113. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

114. Steven is entitled to damages as a result of Defendants' violations.

**COUNT XIV**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692f**
**AS TO ALICE FERREIRA**

115.   The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

116.   The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

117.   Alice is entitled to damages as a result of Defendants' violations.

**COUNT XV**
**VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT,**
**M.G.L. c. 93A § 2, *et seq*., AS TO ALICE FERREIRA**

118.   The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

119.   The Defendants employed unfair or deceptive acts to collect the alleged debts, in violation of M.G.L. c. 93A § 2.

120.   Defendants' failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and, as such, Alice is entitled to double or treble damages plus reasonable attorney's fees.

**COUNT XVI**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692d**
**AS TO THERESE GENDRON AND ROLAND GENDRON**

121.   The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

122.   The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Gendrons in connection with the collection of a debt.

123.   Gendrons are entitled to damages as a result of Defendants' violations.

## COUNT XVII
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692d(5)
### AS TO THERESE GENDRON AND ROLAND GENDRON

124. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

125. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged Gendrons in telephone conversations, with the intent to annoy and harass.

126. Gendrons are entitled to damages as a result of Defendants' violations.

## COUNT XVIII
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692f
### AS TO THERESE GENDRON AND ROLAND GENDRON

127. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

128. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

129. Gendrons are entitled to damages as a result of Defendants' violations.

## COUNT XIX
### VIOLATION OF THE MASSACHUSETTS DEBT COLLECTION REGULATIONS, 940 CMR § 7.00, *et seq*., AS TO THERESE GENDRON AND ROLAND GENDRON

130. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

131. Therese Gendron and Roland Gendron allegedly incurred a "debt" as defined in 940 CMR § 7.03.

132. Therese Gendron and Roland Gendron is allegedly each a "debtor" as defined in 940 CMR § 7.03.

133.     The Defendants attempted to collect a debt and, as such, engaged in "communication" as defined in 940 CMR § 7.03.

134.     The Defendants' conduct violated 940 CMR § 7.04(f) in that Defendants placed more than two calls to Therese Gendron and Roland Gendron in a seven day period.

135.     Gendrons are entitled to damages as a result of Defendants' violations.

## COUNT XX
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c. 93A § 2, *et seq.*, AS TO THERESE GENDRON AND ROLAND GENDRON

136.     The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

137.     The Defendants employed unfair or deceptive acts to collect the alleged debts, in violation of M.G.L. c. 93A § 2.

138.     Defendants' failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and, as such, Gendrons are entitled to double or treble damages plus reasonable attorney's fees.

## COUNT XXI
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692(c)(a)(1) AS TO BETSY GRAHAM

139.     The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

140.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted Betsy before 8:00 a.m. and after 9:00 p.m.

141.     Betsy is entitled to damages as a result of Defendants' violations.

### COUNT XXII
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692d
### AS TO BETSY GRAHAM

142.    The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

143.    The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Betsy in connection with the collection of a debt.

144.    Betsy is entitled to damages as a result of Defendants' violations.

### COUNT XXIII
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692d(5)
### AS TO BETSY GRAHAM

145.    The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

146.    The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged Betsy in telephone conversations, with the intent to annoy and harass.

147.    Betsy is entitled to damages as a result of Defendants' violations.

### COUNT XXIV
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692e & e(10)
### AS TO BETSY GRAHAM

148.    The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

149.    The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

150. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

151. Betsy is entitled to damages as a result of Defendants' violations.

## COUNT XXV
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692e(5)
## AS TO BETSY GRAHAM

152. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

153. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

154. Betsy is entitled to damages as a result of Defendants' violations.

## COUNT XXVI
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692f
## AS TO BETSY GRAHAM

155. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

156. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

157. Betsy is entitled to damages as a result of Defendants' violations.

## COUNT XXVII
## VIOLATION OF THE MASSACHUSETTS DEBT COLLECTION REGULATIONS, 940 CMR § 7.00, *et seq*., AS TO BETSY GRAHAM

158. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

159. Betsy allegedly incurred a "debt" as defined in 940 CMR § 7.03.

160. Betsy is allegedly a "debtor" as defined in 940 CMR § 7.03.

161. The Defendants attempted to collect a debt and, as such, engaged in "communication" as defined in 940 CMR § 7.03.

162. The Defendants' conduct violated 940 CMR § 7.04(f) in that Defendants placed more than two calls to Betsy in a seven day period.

163. Betsy is entitled to damages as a result of Defendants' violations.

### COUNT XXVIII
### VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c. 93A § 2, *et seq.*, AS TO BETSY GRAHAM

164. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

165. The Defendants employed unfair or deceptive acts to collect the alleged debts, in violation of M.G.L. c. 93A § 2.

166. Defendants' failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and, as such, Betsy is entitled to double or treble damages plus reasonable attorney's fees.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. Statutory damages of $1,000.00 to each Plaintiff pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 3(A);

5. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations;

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 14, 2013

                                        Respectfully submitted,

                                        By   /s/ Sergei Lemberg

                                        Sergei Lemberg (BBO# 650671)
                                        LEMBERG & ASSOCIATES L.L.C.
                                        1100 Summer Street, 3rd Floor
                                        Stamford, CT 06905
                                        Telephone: (203) 653-2250
                                        Facsimile: (203) 653-3424
                                        Attorneys for Plaintiff